1  ANN A. NGUYEN [SBN. 178712]
   *aan@robinsonwood.com*
2  ROBINSON & WOOD, INC.
   227 N 1st Street
3  San Jose, California  95113
   Telephone:   (408) 298-7120
4  Facsimile:    (408) 298-0477

5  Attorneys for Defendant,
   DOLEX DOLLAR EXPRESS, INC.

6

7

**FILED**

**JAN 23 2014**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

8        UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  WILLIAM PAEZ-PRADO,                Case No. 5:13-cv-04074-HRL

12          Plaintiff,

13  vs.

14  DOLEX DOLLAR EXPRESS, INC. ,       **STIPULATED PROTECTIVE ORDER**
                                        MODIFIED BY THE COURT
15          Defendant.                  (RE: DKT. No. 33)

16

17

18  **I.      PURPOSES AND LIMITATIONS.**

         Disclosure and discovery activity in this action are likely to involve production of confidential,
19
    proprietary, or private information for which special protection from public disclosure and from use
20
    for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties
21
    hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The
22
    parties acknowledge that this Order does not confer blanket protections on all disclosures or responses
23
    to discovery and that the protection it affords from public disclosure and use extends only to the
24
    limited information or items that are entitled to confidential treatment under the applicable legal
25
    principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated
26
    Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-
27

28

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

902348

STIPULATED PROTECTIVE ORDER

1   5 sets forth the procedures that must be followed and the standards that will be applied when a party

2   seeks permission from the court to file material under seal.

3   **II.      DEFINITIONS.**

4            **2.1 Challenging Party** – A Party or Non-Party that challenges the designation of information

5   or items under this Order.

6            **2.2   Information or Items That Are "CONFIDENTIAL" or "CONFIDENTIAL –**

7   **ATTORNEY'S EYES ONLY"** – Information (regardless of how it is generated, stored or

8   maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

9            **2.3   Counsel (without qualifier)** – Outside Counsel of Record and House Counsel (as well as

10  their support staff).

11           **2.4   Designating Party** – A Party or Non-Party that designates information or items that it

12  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL –

13  ATTORNEY'S EYES ONLY."

14           **2.5   Disclosure or Discovery Material** – All items or information, regardless of the medium

15  or manner in which it is generated, stored, or maintained (including, among other things, testimony,

16  transcripts, and tangible things), that are produced or generated in disclosures or responses to

17  discovery in this matter.

18           **2.6   Expert** – A person with specialized knowledge or experience in a matter pertinent to the

19  litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

20  consultant in this action.

21           **2.7   House Counsel** – Attorneys who are employees of a party to this action. House Counsel

22  does not include Outside Counsel of Record or any other outside counsel.

23           **2.8   Non-Party** – Any natural person, partnership, corporation, association, or other legal

24  entity not named as a Party to this action.

25           **2.9   Outside Counsel of Record** – Attorneys who are not employees of a party to this action

26  but are retained to represent or advise a party to this action and have appeared in this action on behalf

27  of that party or are affiliated with a law firm which has appeared on behalf of that party.

28

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

902348

2

5:13-cv-04074-HRL

STIPULATED PROTECTIVE ORDER

1      **2.10 Party** – Any party to this action, including all of its officers, directors, employees,

2  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3      **2.11 Producing Party** – A Party or Non-Party that produces Disclosure or Discovery Material

4  in this action.

5      **2.12 Professional Vendors** – Persons or entities that provide litigation support services (e.g.,

6  photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing,

7  or retrieving data in any form or medium) and their employees and subcontractors.

8      **2.13 Protected Material** – Any Disclosure or Discovery Material that is designated as

9  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

10      **2.14 Receiving Party** – A Party that receives Disclosure or Discovery Material from a

11  Producing Party.

12  **III.**   **SCOPE.**

13      The protections conferred by this Stipulation and Order cover not only Protected Material (as

14  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

15  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

16  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

17  However, the protections conferred by this Stipulation and Order do not cover the following

18  information: (a) any information that is in the public domain at the time of disclosure to a Receiving

19  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

20  publication not involving a violation of this Order, including becoming part of the public record

21  through trial or otherwise; and (b) any information known to the Receiving Party prior to the

22  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

23  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

24  Protected Material at trial shall be governed by a separate agreement or order.

25  **IV.**   **DURATION.**

26      Even after final disposition of this litigation, the confidentiality obligations imposed by this

27  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

28  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

2  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

3  limits for filing any motions or applications for extension of time pursuant to applicable law.

4  **V.     DESIGNATING PROTECTED MATERIAL.**

5  **5.1 Exercise of Restraint and Care in Designating Material for Protection.**

6  Each Party or Non-Party that designates information or items for protection under this Order

7  must take care to limit any such designation to specific material that qualifies under the appropriate

8  standards. The Designating Party must designate for protection only those parts of material,

9  documents, items, or oral or written communications that qualify – so that other portions of the

10  material, documents, items, or communications for which protection is not warranted are not swept

11  unjustifiably within the ambit of this Order.

12  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to

13  be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

14  or retard the case development process or to impose unnecessary expenses and burdens on other

15  parties) expose the Designating Party to sanctions.

16  If it comes to a Designating Party's attention that information or items that it designated for

17  protection do not qualify for protection, that Designating Party must promptly notify all other Parties

18  that it is withdrawing the mistaken designation.

19  **5.2 Manner and Timing of Designations**.

20  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a)

21  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

22  protection under this Order must be clearly so designated before the material is disclosed or produced.

23  Designation in conformity with this Order requires:

24  (a)     For information in documentary form (e.g., paper or electronic documents, but
        excluding transcripts of depositions or other pretrial or trial proceedings), that the
25      Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL –
        ATTORNEY'S EYES ONLY" to each page that contains protected material. If only a
26      portion or portions of the material on a page qualifies for protection, the Producing
        Party also must clearly identify the protected portion(s) (e.g., by making appropriate
27      markings in the margins).

28      A Party or Non-Party that makes original documents or materials available for
        inspection need not designate them for protection until after the inspecting Party has

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For responses to written discovery, the Designating Party shall indicate in the response that the information is "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

In addition, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses for which the designation is proposed, that specific responses be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 6 below. After any designation made according to the procedure set forth in this paragraph, the designated information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 6 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

(c)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and requesting the preparation of a separate transcript of such material.

In addition, a party or non-party may designate in writing, within twenty (20) days after receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 6 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 6 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation

(d)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3 Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1         Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

2 **VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

3       **6.1 Timing of Challenges**.

4       Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a

5 prompt challenge to a Designating Party's confidentiality designation is necessary to avoid

6 foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay

7 of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing

8 not to mount a challenge promptly after the original designation is disclosed.

9       **6.2 Meet and Confer**.

10       The Challenging Party shall initiate the dispute resolution process by providing written notice

11 of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity

12 as to whether a challenge has been made, the written notice must recite that the challenge to

13 confidentiality is being made in accordance with this specific paragraph of the Protective Order. The

14 parties shall attempt to resolve each challenge in good faith and must begin the process by conferring

15 directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days

16 of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

17 belief that the confidentiality designation was not proper and must give the Designating Party an

18 opportunity to review the designated material, to reconsider the circumstances, and, if no change in

19 designation is offered, to explain the basis for the chosen designation. A Challenging Party may

20 proceed to the next stage of the challenge process only if it has engaged in this meet and confer

21 process first or establishes that the Designating Party is unwilling to participate in the meet and confer

22 process in a timely manner.

23       **6.3 Judicial Intervention**.

24       If the Parties cannot resolve a challenge without court intervention, ~~the Designating Party shall~~ *THEY SHALL COMPLY*

25 *WITH THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES* ~~file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with~~

26 ~~Civil Local Rule 79-5, if applicable)~~ within 21 days of the initial notice of challenge or within 14 days

27 of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is

28 earlier. *IN EACH DISCOVERY DISPUTE JOINT REPORT (DDJR), THE PARTIES MUST ATTEST* ~~Each such motion must be accompanied by a competent declaration affirming that the movant~~

STIPULATED PROTECTIVE ORDER

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

_THAT THEY HAVE_

1   ~~has~~ complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

2   the Designating Party to ~~make such a motion including the required declaration~~ _SEEK COURT INTERVENTION_ within 21 days (or 14

3   days, if applicable) shall automatically waive the confidentiality designation for each challenged

4   designation. In addition, the Challenging Party may ~~file a motion challenging~~ _SEEK RELIEF WITH RESPECT TO A_ a confidentiality

5   designation at any time if there is good cause for doing so, including a challenge to the designation of

6   a deposition transcript or any portions thereof. Any ~~motion~~ _IN DDJR_ brought pursuant to this provision~~, must be~~ _THE_

7   _PARTIES MUST ATTEST THAT THEY HAVE_ ~~accompanied by a competent declaration affirming that the movant has~~ complied with the meet and

8   confer requirements imposed by the preceding paragraph.

9   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

10   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

11   expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

12   Designating Party withdraws the confidentiality designation, or has waived the confidentiality

13   designation by failing to file a motion to retain confidentiality as described above, all parties shall

14   continue to afford the material in question the level of protection to which it is entitled under the

15   Producing Party's designation until the court rules on the challenge.

16   **VII.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

17   **7.1 Basic Principles.**

18   A Receiving Party may use Protected Material that is disclosed or produced by another Party

19   or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle

20   this litigation. Such Protected Material may be disclosed only to the categories of persons and under

21   the conditions described in this Order. When the litigation has been terminated, a Receiving Party

22   must comply with the provisions of section 13 below.

23   Protected Material must be stored and maintained by a Receiving Party at a location and in a

24   secure manner that ensures that access is limited to the persons authorized under this Order.

25   Any court reporter who transcribes the testimony in this action at a deposition shall agree,

26   before transcribing any such testimony, that all information designated "CONFIDENTIAL" or

27   "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is and shall remain confidential and shall not be

28   disclosed except to the attorneys of record and any other person who is present while such testimony

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

STIPULATED PROTECTIVE ORDER

1   is being given; that copies of any transcript, reporter's notes or any other transcription records of any

2   such testimony shall be retained in absolute confidentiality and safekeeping by such shorthand

3   reporter or shall be delivered to the attorney of record or filed with the Court.

4        A file shall be maintained by the attorneys of record of all written agreements signed by

5   persons to whom materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S

6   EYES ONLY" has been given. Said file shall be made available upon request for inspection and

7   copying by any attorney of record.

8        **7.2 Disclosure of "CONFIDENTIAL" Information or Items.**

9        Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

10  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

11  (a)   The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

12

13  (b)   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A to this Order, before being shown or given any Confidential Information;

14

15  (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A to this Order, before being shown or given any Confidential Information;

16

17  (d)   The court and its personnel;

18  (e)    Court reporters and their staff;

19  (f)   Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound, " attached as Exhibit A to this Order, before being shown or given any Confidential Information;

20

21  (g)   During their depositions, witnesses in the action ((other than persons described in paragraph 7.2(h)) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to this Order, unless otherwise agreed by the Designating Party or ordered by the court. Information designated "CONFIDENTIAL" may be disclosed to a witness who will not sign the "Acknowledgment and Agreement to Be Bound" only in a deposition in which the party who designated the information "CONFIDENTIAL" is represented or has been given notice that information designated "CONFIDENTIAL" produced by the party may be used. Witnesses shown information designated "CONFIDENTIAL" shall not be allowed to retain copies. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and/or

22

23

24

25

26

27

28  (h)   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1    Any persons receiving information designated "CONFIDENTIAL" shall not reveal or discuss

2  such information to or with any person who is not entitled to receive such information, except as set

3  forth herein.

4    **7.3 Disclosure of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Info or Items.**

5    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

6  Receiving Party may disclose any information or item designated "CONFIDENTIAL –

7  ATTORNEY'S EYES ONLY" only to:

8    (a)   The Receiving Party's Outside Counsel of Record in this action, as well as employees
          of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
9          information for this litigation;

10   (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is
          reasonably necessary for this litigation and who have signed the "Acknowledgment
          and Agreement to Be Bound," attached as Exhibit A to this Order, before being shown
11         or given any Confidential Information;

12   (c)   The court and its personnel;

13   (d)   Court reporters and their staff; and/or

14   (e)   The author or recipient of a document containing the information or a custodian or
          other person who otherwise possessed or knew the information.

15  Any persons receiving information designated "CONFIDENTIAL – ATTORNEY'S EYES

16  ONLY" shall not reveal or discuss such information to or with any person who is not entitled to

17  receive such information, except as set forth herein.

18  **VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
          OTHER LITIGATION.**

19    If a Party is served with a subpoena or a court order issued in other litigation that compels

20  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

21  "CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party must:

22   (a)   Promptly notify in writing the Designating Party. Such notification shall include a
          copy of the subpoena or court order;
23
     (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the
24         other litigation that some or all of the material covered by the subpoena or order is
          subject to this Protective Order. Such notification shall include a copy of this
25         Stipulated Protective Order; and

26   (c)   Cooperate with respect to all reasonable procedures sought to be pursued by the
          Designating Party whose Protected Material may be affected.

27    If the Designating Party timely seeks a protective order, the Party served with the subpoena or

28  court order shall not produce any information designated in this action as "CONFIDENTIAL" or

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" before a determination by the court from which

2  the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

3  Designating Party shall bear the burden and expense of seeking protection in that court of its

4  confidential material – and nothing in these provisions should be construed as authorizing or

5  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

6  **IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

7      (a)    The terms of this Order are applicable to information produced by a Non-Party in this
8             action and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S
               EYES ONLY." Such information produced by Non-Parties in connection with this
9             litigation is protected by the remedies and relief provided by this Order. Nothing in
               these provisions should be construed as prohibiting a Non-Party from seeking
10            additional protections.

11     (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-
               Party's confidential information in its possession, and the Party is subject to an
12            agreement with the Non-Party not to produce the Non-Party's confidential
               information, then the Party shall:

13            1.    Promptly notify in writing the Requesting Party and the Non-Party that
14                  some or all of the information requested is subject to a confidentiality
                    agreement with a Non-Party;

15            2.    Promptly provide the Non-Party with a copy of the Stipulated Protective
                    Order in this litigation, the relevant discovery request(s), and a reasonably
16                  specific description of the information requested; and 3. Make the
                    information requested available for inspection by the Non-Party.

17     (c)    If the Non-Party fails to object or seek a protective order from this court within 14
18            days of receiving the notice and accompanying information, the Receiving Party may
               produce the Non-Party's confidential information responsive to the discovery request.
19            If the Non-Party timely seeks a protective order, the Receiving Party shall not produce
               any information in its possession or control that is subject to the confidentiality
20            agreement with the Non-Party before a determination by the court. Absent a court
               order to the contrary, the Non-Party shall bear the burden and expense of seeking
               protection in this court of its Protected Material. ALL DISCLOSURE AND DISCOVERY

21  **X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** DISPUTES ARE SUBJECT TO THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES.

22     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

24  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

25  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

26  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

27  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

28  Bound" that is attached hereto as Exhibit A.

XI.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

XII.   **MISCELLANEOUS.**

**12.1 Right to Further Relief.**

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2 Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3 Filing Protected Material**.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

STIPULATED PROTECTIVE ORDER

1   denied by the court, then the Receiving Party ~~may file the information in the public record pursuant to~~ *SHALL COMPLY WITH CIVIL LOCAL RULE 79-5(f)(2)*

2   ~~Civil Local Rule 79-5(e)~~ unless otherwise instructed by the court.

3   **XIII.   FINAL DISPOSITION.**

4            Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5   Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

6   used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

7   summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

8   Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

9   the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

10  deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

11  returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

12  compilations, summaries or any other format reproducing or capturing any of the Protected Material.

13  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

14  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

15  trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

16  such materials contain Protected Material. Any such archival copies that contain or constitute

17  Protected Material remain subject to this Protective Order as set forth in Section 4.

18  XIV. FOR A PERIOD OF SIX MONTHS AFTER THE FINAL DISPOSITION OF

19  THIS ACTION, THIS COURT WILL RETAIN JURISDICTION TO ENFORCE

20  THE TERMS OF THIS ORDER.

21

22

23

24

25

26

27

28

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

902348

5:13-cv-04074-HRL

STIPULATED PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: December 23, 2013                    ROBINSON & WOOD, INC.

4

5                                               By:  _____

6                                                    ANN A. NGUYEN
                                                    Attorneys for Defendant,
7    Dated: 01/17, 2013                              DOLEX DOLLAR EXPRESS, INC.
                                                    LAW OFFICE OF ROBERT BAKER
8

9

10                                              By:  _____
                                                    ROBERT BAKER
11                                                  Attorneys for Plaintiff,
                                                    WILLIAM PAEZ-PRADO
12

13

14

15                          **ORDER**
                   AS MODIFIED BY THE COURT,
16   PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18   DATED:  1/23/14

19

20                                              _____
                                                Howard R. Lloyd
21                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

902348

STIPULATED PROTECTIVE ORDER

13

5:13-cv-04074-HRL

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [_____] in the case of *Paez-Prado v. Dolex*, Case No. 5:13-cv-04074-HRL . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I will maintain all such information designated "Confidential" or "Confidential – Attorney's Eyes Only" – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the information designated "Confidential" or "Confidential – Attorney's Eyes Only" – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the information designated "Confidential" or "Confidential –Attorney's Eyes Only".

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I declare under penalty of perjury that the foregoing is true and correct. Executed on _____, in

_____.

Signature: _____

Name [Printed]:_____

Address:_____

Phone: _____

STIPULATED PROTECTIVE ORDER

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW